# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Shackelford,**
**Petitioner Below, Petitioner,**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0139** (Wood County 12-P-135)

**West Virginia Department of Health and Human Resources,**
**Respondent Below, Respondent,**

## MEMORANDUM DECISION

Petitioner William Shackelford, appearing *pro se*, appeals the order of the Circuit Court of Wood County, entered December 21, 2012, that affirmed the calculation of petitioner's monthly benefit under the Supplemental Nutrition Assistance Program ("SNAP") by the West Virginia Department of Health and Human Resources.[1] Respondent West Virginia Department of Health and Human Resources, by counsel Katherine M. Bond, filed a response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner lives in federally subsidized housing. At petitioner's previous apartment, he paid certain utilities separately from his rent and received $101 per month in SNAP benefits. Petitioner subsequently moved to his current apartment where his rent payment includes all utilities except for his telephone.

In April of 2012, following his move to his current apartment, petitioner applied for SNAP benefits with respondent. Respondent calculated petitioner's current SNAP benefit as $26 per month using its Income Maintenance Manual ("IMM") which governs the award of SNAP benefits in West Virginia.[3] Respondent noted that both its IMM and federal law provided that a SNAP

---

[1] SNAP was formerly known as the Food Stamp Program.

[2] Respondent also moved to file a supplemental appendix. On June 28, 2013, this Court granted the motion and ordered the supplemental appendix filed.

[3] While SNAP is a federal program, the federal government has charged the states with

1

recipient cannot receive a deduction for utility costs that are included in the recipient's rent payment.[4] Consequently, because only petitioner's telephone is billed separately, respondent gave petitioner the "One Utility Standard Deduction."

Petitioner appealed respondent's calculation of his monthly SNAP benefit. On June 7, 2012, a hearing officer of the Board of Review of the West Virginia Department of Health and Human Resources held a hearing on petitioner's appeal. Petitioner did not dispute that respondent correctly calculated his monthly benefit according to the IMM. Rather, petitioner disputed respondent's legal position that federal law provided that a SNAP recipient cannot receive a deduction for utility costs that are included in the recipient's rent payment and, as such, argued that respondent's IMM was preempted by federal law. By a decision entered June 19, 2012, the hearing officer ruled that "[t]he Board of Review does not have the authority to change existing policy or grant policy exceptions." Accordingly, the hearing officer upheld respondent's calculation of petitioner's monthly SNAP benefit. The hearing officer's decision stated that an appeal could be filed in the circuit court, which petitioner subsequently pursued.

By order entered December 21, 2012, the circuit court likewise affirmed respondent's calculation of his monthly SNAP benefit. The circuit court held that respondent's IMM comported with federal law governing the receipt of SNAP benefits. *See* 7 C.F.R. § 273.9(d)(6)(iii)(C) ("A standard with a heating or cooling component must be made available to households that incur heating or cooling expenses *separately from their rent or mortgage*[.]") (Emphasis added.). The circuit court held that "[a]lthough the federal regulations only specifically state that heating and cooling expenses must be separately bill[ed] from rent, the regulations continually [and more generally] refer to standards for utility expenses." The circuit court further found that petitioner was awarded a separate deduction for the amount of his rent, referred to as "shelter cost." The circuit court concluded that because petitioner's rent included his utilities other than his telephone, awarding petitioner "the [higher] utility deduction for utilities included in his rent would, in fact, give him a deduction twice for money he only spends once." Petitioner now appeals the circuit court's December 21, 2012 order that affirmed respondent's calculation of his current SNAP benefit at $26 per month.

"Under West Virginia Code § 29A–1–3(c) (2007), the Administrative Procedures Act does not apply to contested cases involving the receipt of public assistance." Syl. Pt. 2, *Bills v. Hardy*, 228 W.Va. 341, 719 S.E.2d 811 (2011). Rather, such appeals are treated as petitions for writ of certiorari pursuant to W.Va. Code §§ 53-3-1, *et seq.* "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. Pt. 1, *Bills*, (Internal quotations and citations omitted.).

On appeal, petitioner asserts that he is not being awarded his full benefits and argues that respondent's IMM is preempted by federal law. Respondent counters that both its IMM and

---

administering the program. *See* 7 U.S.C. § 2012(t).

[4] A SNAP recipient's adjusted monthly income is used in calculating the recipient's monthly benefit.

federal law provide that a SNAP recipient cannot receive a deduction for utility costs that are included in the recipient's rent payment. Respondent notes that petitioner receives a separate deduction for his rent payment.

Questions of law are reviewed de novo. *See Bills*, 228 W.Va. at 345, 719 S.E.2d at 815. This Court's review of 7 C.F.R. § 273.9(d)(6)(iii)(C) confirms the circuit court's interpretation that "[a]lthough the federal regulations only specifically state that heating and cooling expenses must be separately bill[ed] from rent, the regulations continually [and more generally] refer to standards for utility expenses." The federal regulations clearly support respondent's position that federal law also provides that a SNAP recipient cannot receive a deduction for utility costs that are included in the recipient's rent payment. Therefore, after careful consideration, this Court concludes that federal law does not preempt respondent's IMM and that the circuit court did not abuse its discretion in affirming respondent's calculation of petitioner's monthly SNAP benefit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3